IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| JOHN FENNESY, and KENNETH C. BORDEN, TRUSTEES OF THE LOCAL UNION NO. 124 I.B.E.W. PENSION TRUST FUND, | ) ) ) ) ) |
| and | ) ) |
| NATIONAL ELECTRICAL BENEFIT FUND, a Trust Fund, | ) ) ) |
| and | **No.** |
| and | ) ) |
| KENNETH COOPER, and DENNIS QUEBE, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, | ) ) ) ) |
| and | ) ) |
| LOCAL UNION NO. 124 I.B.E.W. - N.E.C.A. ANNUITY AND 401(K) TRUST FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| JOHN FENNESY, and KENNETH C. BORDEN, TRUSTEES OF THE LOCAL UNION NO. 124 I.B.E.W. - N.E.C.A. ANNUITY AND 401(K) TRUST FUND, | ) ) ) ) ) ) |
| and | ) ) |
| I.B.E.W. LOCAL UNION NO. 124 HEALTH AND WELFARE FUND, a Trust Fund, | ) ) ) |
| and | ) ) ) |

JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE I.B.E.W. LOCAL UNION NO. 124 )
HEALTH  AND WELFARE FUND, )
)
and )
)
IBEW LOCAL UNION NO. 124 VACATION )
AND HOLIDAY TRUST FUND, a Trust Fund, )
)
and )
)
JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE IBEW LOCAL UNION NO. 124 )
VACATION AND HOLIDAY TRUST FUND, )
)
and )
)
ELECTRICAL JOINT APPRENTICESHIP AND )
TRAINING TRUST FUND, a Trust Fund, )
)
and )
)
JOHN FENNESY, and )
KENNETH C. BORDEN, TRUSTEES )
OF THE ELECTRICAL JOINT APPRENTICESHIP )
AND TRAINING TRUST FUND, )
)
and )
)
LABOR MANAGEMENT COOPERATION TRUST, )
a Trust Fund, )
)
and )
)
JOHN FENNESY,  and )
KENNETH C. BORDEN, TRUSTEES )
OF THE LABOR MANAGEMENT )
COOPERATION TRUST, )
)
and )
)
INTERNATIONAL BROTHERHOOD OF )
ELECTRICAL WORKERS LOCAL UNION )
NO. 124, AFL-CIO, a Labor Organization, )
)
Plaintiffs, )
v. )
)

**R.F. FISHER ELECTRIC COMPANY, LLC**     )
[SERVE:    Michael P. Keleher         )
             Registered Agent          )
             403 NW Englewood Road    )
             Gladstone, MO  64118]      )
                                            )
                                            )
                                            )
                     Defendant.      )

# C O M P L A I N T

## COUNT I

Come now Plaintiffs, Local Union No. 124 I.B.E.W. Pension Trust Fund, John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund who are authorized to maintain this action on behalf of Local Union No. 124 I.B.E.W. Pension Trust Fund and all the Trustees of Local Union No. 124 I.B.E.W. Pension Trust Fund, and, for their cause of action under Count I against Defendant, states:

1.      This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of Local Union No. 124 I.B.E.W. Pension Trust Fund who are authorized to maintain this action on behalf of the Local Union No. 124 I.B.E.W. Pension Trust Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Pension Trust Fund; Plaintiff, (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

3.      Said Plaintiff Fund was established on January 7, 1965, pursuant to the collective bargaining agreement entered into between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the

International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

4.      The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5.      Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h), by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.      Defendant, *R.F. Fisher Electric Company, LLC.*, is a Kansas limited liability company doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed electrical workers performing work covered by the collective bargaining agreements herein mentioned.

7.      In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8.      At all times material herein, Defendant signed a Letter of Assent for the Inside Labor Agreement and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Kansas City Chapter National Electrical Contractors Association and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO; that Defendant is thereby bound by all collective bargaining agreements in effect on said date up to and including the present date.

9.      Electrical worker employees of the Defendant were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10.      That the Defendant are required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11.      Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12.      An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs ONE HUNDRED TWENTY-EIGHT THOUSAND TWO HUNDRED FORTY-TWO AND 00/100 ($128,242.00) DOLLARS in unpaid fringe benefit contributions, SIX THOUSAND FOUR HUNDRED TWELVE AND 10/100 12/100 ($6,412.10) DOLLARS as and for liquidated damages, and ONE THOUSAND NINE HUNDRED ONE AND 81/10 ($1,901.81) DOLLARS as and for interest, for a total of ONE HUNDRED THIRTY-SIX THOUSAND FIVE HUNDRED FIFTY-FIVE AND 91/100 ($136,555.91) DOLLARS.

{00399650;IBW15445.52}

13.     The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14.     The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

16.     Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

17.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.       For judgment against Defendant in the amount of **ONE HUNDRED TWENTY-EIGHT THOUSAND TWO HUNDRED FORTY-TWO AND 00/100 ($128,242.00) DOLLARS** in unpaid fringe benefit contributions, **SIX THOUSAND FOUR HUNDRED TWELVE AND 10/100 12/100 ($6,412.10) DOLLARS** as and for liquidated damages, and **ONE THOUSAND NINE HUNDRED ONE AND 81/10 ($1,901.81) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **ONE HUNDRED THIRTY-SIX THOUSAND FIVE HUNDRED FIFTY-FIVE AND 91/100 ($136,555.91) DOLLARS**; and

B.       For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.       For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.       For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.       For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.       For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.       For judgment against Defendant for costs incurred in this action; and

H.       For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, National Electrical Benefit Fund, a Trust Fund, and Lindell K. Lee and D.R. Borden, Jr., duly appointed and acting Trustees of the National Electrical Benefit Fund who

are authorized to maintain this action on behalf of the National Electrical Benefit Fund and for their cause of action under Count II against said Defendant states:

1.      Plaintiffs, Kenneth Cooper and Dennis Quebe, are duly appointed and acting Trustees of the National Electrical Benefit Fund who are authorized to maintain this action on behalf of the National Electrical Benefit Fund (hereinafter referred to as "Plaintiff Fund"); Plaintiff Fund is a Trust Fund an existing establish pursuant to Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established September 3, 1946 pursuant to the collective bargaining agreement between the National Electrical Contractors Association and the International Brotherhood of Electrical Workers; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1994.

3.      An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs **FORTY TWO THOUSAND THREE HUNDRED EIGHTY-TWO AND 86/100 ($42,382.86) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND ONE HUNDRED NINETEEN AND 14/100 ($2,119.14) DOLLARS** as and for liquidated damages, and **SIX HUNDRED TWENTY-SIX AND 71/1000 ($626.71) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **FORTY-FIVE THOUSAND, ONE HUNDRED TWENTY-EIGHT AND 71/100 ($45,128.71) DOLLARS**.

4.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      For judgment against Defendant in the amount of **FORTY TWO THOUSAND THREE HUNDRED EIGHTY-TWO AND 86/100 ($42,382.86) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND ONE HUNDRED NINETEEN AND 14/100 ($2,119.14) DOLLARS** as and for liquidated

damages, and SIX HUNDRED TWENTY-SIX AND 71/1000 ($626.71) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of FORTY-FIVE THOUSAND, ONE HUNDRED TWENTY-EIGHT AND 71/100 ($45,128.71) DOLLARS; and

B.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.


## COUNT III

Come now Plaintiffs, Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund who are authorized to maintain this action on behalf of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund and all the Trustees of the Local Union No. 124, IBEW - NECA Annuity and 401K Trust Fund, and, for their cause of action under Count III against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund who authorized to maintain this action on behalf of the Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund and all the Trustees of the Local Union No. 124 I.B.E.W. - N.E.C.A. Annuity and 401(K) Trust Fund; (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on December 15, 1987, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

3.      An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs ONE HUNDRED NINETY-THREE THOUSAND SIX HUNDRED TWELVE AND 60/100 ($193,612.60) DOLLARS in unpaid fringe benefit contributions, NINE THOUSAND SIX HUNDRED EIGHTY AND 64/100 ($9,680.64) DOLLARS as and for liquidated damages, and TWO THOUSAND, EIGHT HUNDRED NINETY-SIX AND 62/1000 ($2,896.62) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of TWO HUNDRED SIX THOUSAND, ONE HUNDRED EIGHTY-NINE AND 86/100 ($206,189.86) DOLLARS.

4.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      For judgment against Defendant in the amount of ONE HUNDRED NINETY-THREE THOUSAND SIX HUNDRED TWELVE AND 60/100 ($193,612.60) DOLLARS in unpaid fringe benefit contributions, NINE THOUSAND SIX HUNDRED EIGHTY AND 64/100 ($9,680.64) DOLLARS as and for liquidated damages, and TWO THOUSAND, EIGHT HUNDRED NINETY-SIX AND 62/1000 ($2,896.62) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of TWO HUNDRED SIX THOUSAND, ONE HUNDRED EIGHTY-NINE AND 86/100 ($206,189.86) DOLLARS; and

B.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.


## COUNT IV

Come now Plaintiffs, I.B.E.W. Local Union No. 124 Health and Welfare Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the I.B.E.W.

{00399650;}
11

Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund and, for their cause of action under Count IV against Defendant, states:

1.    Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund; Plaintiff I.B.E.W. Local Union No. 124 Health and Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Plan is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.    Said Plaintiff Plan was established on July 3, 1952, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Plan was amended and revised effective June 1, 1993.

3.    An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs THREE HUNDRED SIXTY-TWO THOUSAND, FORTY-FIVE AND 46/100 ($362,045.46) DOLLARS in unpaid fringe benefit contributions, EIGHTEEN THOUSAND ONE HUNDRED TWO AND 27/100 ($18,102.27) DOLLARS as and for liquidated damages, and FIVE THOUSAND, THREE HUNDRED FIFTY-TWO AND 73/1000 ($5,352.73) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of THREE HUNDRED EIGHTY-FIVE THOUSAND, FIVE HUNDRED AND 46/100 ($385,500.46) DOLLARS.

{00399650;1}

4.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      For judgment against Defendant in the amount of THREE HUNDRED SIXTY-TWO THOUSAND, FORTY-FIVE AND 46/100 ($362,045.46) DOLLARS in unpaid fringe benefit contributions, EIGHTEEN THOUSAND ONE HUNDRED TWO AND 27/100 ($18,102.27) DOLLARS as and for liquidated damages, and FIVE THOUSAND, THREE HUNDRED FIFTY-TWO AND 73/1000 ($5,352.73) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of THREE HUNDRED EIGHTY-FIVE THOUSAND, FIVE HUNDRED AND 46/100 ($385,500.46) DOLLARS; and

B.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.

## COUNT V

Come now Plaintiffs, Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund, and, for their cause of action under Count V against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund; Plaintiff Local Union No. 124 I.B.E.W. Vacation & Holiday Trust Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on March 8, 1968, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

3.      An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs EIGHTY-SIX THOUSAND, NINE HUNDRED THIRTY-TWO AND 01/100 ($86,932.01) DOLLARS in unpaid fringe benefit contributions, FOUR THOUSAND THREE HUNDRED FORTY-SIX AND 60/100 ($4,346.60) DOLLARS as and for liquidated damages, and ONE THOUSAND, TWO HUNDRED EIGHTY-SIX AND 29/1000 ($1,286.29) DOLLARS as and

for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of NINETY-TWO THOUSAND, FIVE HUNDRED SIXTY-FOUR AND 90/100 ($92,564.90) DOLLARS.

4.      Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      For judgment against Defendant in the amount of EIGHTY-SIX THOUSAND, NINE HUNDRED THIRTY-TWO AND 01/100 ($86,932.01) DOLLARS in unpaid fringe benefit contributions, FOUR THOUSAND THREE HUNDRED FORTY-SIX AND 60/100 ($4,346.60) DOLLARS as and for liquidated damages, and ONE THOUSAND, TWO HUNDRED EIGHTY-SIX AND 29/1000 ($1,286.29) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of NINETY-TWO THOUSAND, FIVE HUNDRED SIXTY-FOUR AND 90/100 ($92,564.90); and

B.      For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.      For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.      For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.      For judgment against Defendant for costs incurred in this action; and

H.      For such other relief as the Court may deem appropriate.


## COUNT VI

Come now Plaintiffs, Electrical Joint Apprenticeship and Training Trust Fund, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Electrical Joint Apprenticeship and Training Trust Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Electrical Joint Apprenticeship and Training Trust Fund, and, for their cause of action under Count VI against Defendant, states:

1.      Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Electrical Joint Apprenticeship and Training Trust fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Electrical Joint Apprenticeship and Training Trust Fund; Plaintiff Electrical Joint Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2.      Said Plaintiff Fund was established on September 6, 1956, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective May 10, 1994.

3.      An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs TWENTY-ONE THOUSAND, ONE HUNDRED FORTY AND 28/100 ($21,140.28) DOLLARS in unpaid fringe benefit contributions, ONE THOUSAND FIFTY-SEVEN AND 01/100 ($1,057.01) DOLLARS as and for liquidated damages, and THREE HUNDRED THIRTEEN AND 47/1000 ($313.47) DOLLARS as and for interest due and owing for the period **August**

{00399650;1}

**1, 2019 through September 16, 2019**; for a total of TWENTY-TWO THOUSAND, FIVE HUNDRED TEN AND 76/100 ($22,510.76) DOLLARS.

       4.       Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

       WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

       A.       For judgment against Defendant in the amount of TWENTY-ONE THOUSAND, ONE HUNDRED FORTY AND 28/100 ($21,140.28) DOLLARS in unpaid fringe benefit contributions, ONE THOUSAND FIFTY-SEVEN AND 01/100 ($1,057.01) DOLLARS as and for liquidated damages, and THREE HUNDRED THIRTEEN AND 47/1000 ($313.47) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of TWENTY-TWO THOUSAND, FIVE HUNDRED TEN AND 76/100 ($22,510.76) DOLLARS; and

       B.       For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

       C.       For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

       D.       For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

       E.       For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

       F.       For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

       G.       For judgment against Defendant for costs incurred in this action; and

H.    For such other relief as the Court may deem appropriate.

## COUNT VII

Come now Plaintiffs, Labor Management Cooperation Trust, a Trust Fund, and John Fennesy and Kenneth C. Borden, duly appointed and acting Trustees of the Labor Management Cooperation Trust who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Labor Management Cooperation Trust, and, for their cause of action under Count VII against Defendant, states:

1.    Plaintiffs, John Fennesy and Kenneth C. Borden, are duly appointed and acting Trustees of the Labor Management Cooperation Trust who are authorized to maintain this action on behalf of the Labor Management Cooperation Trust and all the Trustees of the Labor Management Cooperation Trust; Plaintiff Labor Management Cooperation Trust (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186.

2.    This action arises under and jurisdiction is founded on Section 301 of the Taft-Hartley Act, 29 U.S.C. §185.

3.    Said Plaintiff Fund was established on March 1, 1995, pursuant to the collective bargaining agreement between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union").

4.    An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019**, shows that Defendant owes Plaintiffs SIX THOUSAND, FOUR HUNDRED SEVENTY-EIGHT AND 96/100 **($6,478.96)** DOLLARS in unpaid fringe benefit contributions, THREE HUNDRED TWENTY-THREE AND 95/100 **($323.95)** DOLLARS as and for liquidated damages, and NINETY-SIX AND 00/1000 **($96.00)** DOLLARS as and for interest due and owing for the period **August**

{00399650;1}

1, 2019 through September 16, 2019; for a total of SIX THOUSAND, EIGHT HUNDRED NINETY-EIGHT AND 91/100 ($6,898.91) DOLLARS.

5.        Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.        For judgment against Defendant in the amount of SIX THOUSAND, FOUR HUNDRED SEVENTY-EIGHT AND 96/100 ($6,478.96) DOLLARS in unpaid fringe benefit contributions, THREE HUNDRED TWENTY-THREE AND 95/100 ($323.95) DOLLARS as and for liquidated damages, and NINETY-SIX AND 00/1000 ($96.00) DOLLARS as and for interest due and owing for the period August 1, 2019 through September 16, 2019; for a total of SIX THOUSAND, EIGHT HUNDRED NINETY-EIGHT AND 91/100 ($6,898.91) DOLLARS; and

B.        For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.        For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D.        For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E.        For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F.        For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G.        For judgment against Defendant for costs incurred in this action; and

H.     For such other relief as the Court may deem appropriate.


## COUNT VIII

Comes now Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, for its cause of action under Count VIII against Defendant, states:

1.     This action arises under and jurisdiction is founded on Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. §185 (hereinafter referred to as "LMRA").

2.     Plaintiff, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union") is a labor organization representing employees in industry affecting commerce as defined by Sections 501(1) and (3) of the LMRA, 29 U.S.C. §142(1) and (3); and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185 and 29 U.S.C. §152(5), and is an unincorporated association.

3.     Plaintiff Union maintains its principal offices in Kansas City, Jackson County, Missouri, and Plaintiff's duly authorized officers and agents are engaged in representing or acting for employee members in Jackson County, Missouri, within territorial jurisdiction of this Court.

4.     Electrical worker employees of Defendant were employed under the terms of the collective bargaining agreement between the Defendant and the Union under the terms of which Defendant agreed, among other things, to deduct various sums per hour from the wages of each employee covered by and subject to said agreements from **August 1, 2019, to date,** as and for supplemental dues and to remit same to Plaintiff; and during said period of time to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month; that said report should list the names and hours worked and the amounts deducted and remitted for each such employee of Defendant; that said agreement of Defendant to deduct said amounts from wages of employees covered under the collective bargaining agreements was in accordance with and pursuant to individual and voluntary written authorization

by said employees for the check-off of said dues, all is permitted and pursuant to Section 302(c) of the National Labor Relations Act.

5.     An audit of Defendant's books and records for the period **August 1, 2019 through September 16, 2019** shows that Defendant owes Plaintiffs **SIXTY-FOUR THOUSAND, FOUR HUNDRED FORTY-FOUR AND 12/100 ($64,444.12) DOLLARS** in unpaid fringe benefit contributions.

WHEREFORE, Plaintiff prays for the following Orders, Judgments and Decrees:

A.     For judgment against Defendant in the amount of **SIXTY-FOUR THOUSAND, FOUR HUNDRED FORTY-FOUR AND 12/100 ($64,444.12) DOLLARS** in unpaid fringe benefit contributions,

B.     For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C.     For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements in respect to the reporting and payment of supplemental dues to the Plaintiff; and

D.     For judgment against Defendant for costs incurred in this action; and

E.     For such other relief as the Court may deem appropriate.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Funds respectfully request that this Court enter an Order in favor of Plaintiffs and against Defendant in the amount of **NINE HUNDRED FIFTY NINE THOUSAND, SEVEN HUNDRED NINETY-THREE AND 63/100 ($959,793.63) DOLLARS** as and for unpaid employee benefit plan contributions, liquidated damages, and interest for the period **August 1, 2019 through September 16, 2019**, plus all reasonable attorneys' fees, audit costs, court costs and other costs, and all other damages and relief this Court deems appropriate, as follows:

A.     In favor of Plaintiff, Local Union No. 124 I.B.E.W. Pension Trust Fund, and against Defendant in the amount of **ONE HUNDRED TWENTY-EIGHT THOUSAND TWO HUNDRED**

{00399650;1}

FORTY-TWO AND 00/100 ($128,242.00) DOLLARS in unpaid fringe benefit contributions, SIX THOUSAND FOUR HUNDRED TWELVE AND 10/100 12/100 ($6,412.10) DOLLARS as and for liquidated damages, and ONE THOUSAND NINE HUNDRED ONE AND 81/10 ($1,901.81) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of ONE HUNDRED THIRTY-SIX THOUSAND FIVE HUNDRED FIFTY-FIVE AND 91/100 ($136,555.91) DOLLARS;

B. In favor of Plaintiff, National Electrical Benefit Fund, and against , and against Defendant in the amount of FORTY TWO THOUSAND THREE HUNDRED EIGHTY-TWO AND 86/100 ($42,382.86) DOLLARS in unpaid fringe benefit contributions, TWO THOUSAND ONE HUNDRED NINETEEN AND 14/100 ($2,119.14) DOLLARS as and for liquidated damages, and SIX HUNDRED TWENTY-SIX AND 71/1000 ($626.71) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of FORTY-FIVE THOUSAND, ONE HUNDRED TWENTY-EIGHT AND 71/100 ($45,128.71) DOLLARS;

C. In favor of Plaintiff, Local Union No. 124, I.B.E.W. – NECA Annuity and 401K Trust Fund, and against Defendant in the amount of ONE HUNDRED NINETY-THREE THOUSAND SIX HUNDRED TWELVE AND 60/100 ($193,612.60) DOLLARS in unpaid fringe benefit contributions, NINE THOUSAND SIX HUNDRED EIGHTY AND 64/100 ($9,680.64) DOLLARS as and for liquidated damages, and TWO THOUSAND, EIGHT HUNDRED NINETY-SIX AND 62/1000 ($2,896.62) DOLLARS as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of TWO HUNDRED SIX THOUSAND, ONE HUNDRED EIGHTY-NINE AND 86/100 ($206,189.86) DOLLARS;

D. In favor of Plaintiff, I.B.E.W. Local Union No. 124 Health and Welfare Fund, and against Defendant in the amount of THREE HUNDRED SIXTY-TWO THOUSAND, FORTY-FIVE AND 46/100 ($362,045.46) DOLLARS in unpaid fringe benefit contributions, EIGHTEEN THOUSAND ONE HUNDRED TWO AND 27/100 ($18,102.27) DOLLARS as and for liquidated

{00399650/;;;;;;;;;;;;;;;}

damages, and **FIVE THOUSAND, THREE HUNDRED FIFTY-TWO AND 73/1000 ($5,352.73) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **THREE HUNDRED EIGHTY-FIVE THOUSAND, FIVE HUNDRED AND 46/100 ($385,500.46) DOLLARS**;

E. In favor of Plaintiff, Local Union No. 124 I.B.E.W. Vacation and Holiday Trust Fund, and against Defendant in the amount of **EIGHTY-SIX THOUSAND, NINE HUNDRED THIRTY-TWO AND 01/100 ($86,932.01) DOLLARS** in unpaid fringe benefit contributions, **FOUR THOUSAND THREE HUNDRED FORTY-SIX AND 60/100 ($4,346.60) DOLLARS** as and for liquidated damages, and **ONE THOUSAND, TWO HUNDRED EIGHTY-SIX AND 29/1000 ($1,286.29) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **NINETY-TWO THOUSAND, FIVE HUNDRED SIXTY-FOUR AND 90/100 ($92,564.90)**;

F. In favor of Plaintiff, Electrical Joint Apprenticeship and Training Trust Fund, and against Defendant in the amount of **TWENTY-ONE THOUSAND, ONE HUNDRED FORTY AND 28/100 ($21,140.28) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND FIFTY-SEVEN AND 01/100 ($1,057.01) DOLLARS** as and for liquidated damages, and **THREE HUNDRED THIRTEEN AND 47/1000 ($313.47) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **TWENTY-TWO THOUSAND, FIVE HUNDRED TEN AND 76/100 ($22,510.76) DOLLARS**;

G. In favor of Plaintiff, Labor Management Cooperation Trust, and against Defendant in the amount of **SIX THOUSAND, FOUR HUNDRED SEVENTY-EIGHT AND 96/100 ($6,478.96) DOLLARS** in unpaid fringe benefit contributions, **THREE HUNDRED TWENTY-THREE AND 95/100 ($323.95) DOLLARS** as and for liquidated damages, and **NINETY-SIX AND 00/1000 ($96.00) DOLLARS** as and for interest due and owing for the period **August 1, 2019 through September 16, 2019**; for a total of **SIX THOUSAND, EIGHT HUNDRED NINETY-EIGHT AND 91/100 ($6,898.91) DOLLARS**; and

{00399650;1}

H.  In favor of Plaintiff Union, International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO, and against Defendant in the amount of SIXTY-FOUR THOUSAND, FOUR HUNDRED FORTY-FOUR AND 12/100 ($64,444.12) DOLLARS, as and for unpaid supplemental dues.

Respectfully submitted,

*/s/ Michael G. Newbold*
Michael G. Newbold, MO Bar No. 25523

*/s/ John J. Westerhaus*
John J. Westerhaus, MO Bar No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri  64105
Telephone:    816-421-5788
Facsimile:      816-471-5574
*Attorneys for Plaintiffs*